1020 Martone Place, LLC v. City of Springfield, LLC Good morning, Your Honor. Bart Heemskerk for the Plaintiff Appellants, HTC4, LLC and Martone Place, LLC. This is a matter involving construction of a 14,000-foot office building on a property in Springfield on St. James Avenue. The property was zoned correctly for an office building. The developer plaintiffs entered into a $6 million lease with the Commonwealth of Massachusetts for the creation of a new Registry of Motor Vehicles in Springfield at the site. The existing Registry of Motor Vehicles was decrepit and had a lot of problems, and so DCAM and the State Registry of Motor Vehicles considered it an emergency contract to get a new building up and get it leased. As such, it was fast-tracked, so not every developer probably picked up on the initial bidding and the initial opportunity for proposals, and my clients got it. The property was fully vetted by DCAM. As I said, it matched zoning, it had plenty of area. This is not a special permit case. This is not a variance case. The issue is that with respect to office buildings of 14,000 feet, you need site plan review, and site plan review is an administrative review. It's not designed to deny a permit or grant a permit. It's designed for the appropriate departments in the city to give their comments, and then the developer can look at the comments and look at the requirements and decide if they're reasonable or not reasonable. If the developer thinks any of the conditions in the conditional approval are not reasonable, he may appeal them to the planning board. Whenever I start to feel like I'm at a planning board appeal case, I start to feel that maybe you're in the wrong court. I understand, Your Honor. This sounds like what you've said so far. Perhaps a thousand cases around the country in the last year where a developer or a citizen's group is unhappy with a planning board or permitting process and feels an unlawful condition has been imposed on them here, a requirement that the DPW sign off. Why are we in federal court? This is not a disagreement with the planning board or with any particular conditions that were properly presented. It's not that. You're saying that were conditions improperly imposed on your client. No. I'm saying that there was a completely illegal procedure carried out that had nothing to do with the planning board or the planning department. I think you're saying that the board denied your client's request, right? No. Your Honor, if I can just, I think it will be clear if you'll just permit me to tell you how, very briefly, how the administrative site plan review system is supposed to work under the statute and what happened in this case. Let's assume it was improper. What federal issue comes out of that? Your Honor, I think if you'll let me, because I'll be speaking in space otherwise, the way it works in Springfield under this very new administrative site plan review is the planning department gets all the plans, all the engineering, all the traffic studies, everything, and they review it. The departments then have 20 days to review it. Everybody, the police, the fire, in this case the DPW, and they're supposed to give it all back to planning. Planning does a conditional approval and they put their conditions and all the conditions that were given to them in the conditional approval and anything in there, for example, if DPW's contribution to the approval, which goes through planning, says you have to shut a road, and they think it's unreasonable because you have to shut a road, is a condition, the conditional approval, they go to the planning board. What happened in this case is DPW, which has a fiefdom in Springfield for controlling construction, DPW didn't give any comments to the conditional approval. When the conditional, they missed their chance. When the conditional approval came out, the planning department said, you have to get a separate approval now from DPW, and there was, because there were no DPW conditions in the conditional approval, which is what you can appeal. And you're claiming that violated the local rules? It not only violated the local rules, it put the developer in a box where now the DPW, who created this approval system, which doesn't exist anywhere, could, they gave them 82 conditions. Many unreasonable. There was no appeal from that. It was, no, you do this, or... You couldn't go to land court? You couldn't go to land court on that. Because, your honor, to go to land court, under the statutory scheme, you had to have, first of all, zoning board approval, and they'd have to have jurisdiction for denial to get to the land court. Then why wouldn't you just take it up to all the places, get denied, and then appeal? There was no place... You had a final decision from who? I'm sorry? You must have gotten a final decision from some local agency preventing you from going forward, right? No, we got the de facto denial by the billing inspector of giving a permit, unless we got him this fictitious DPW approval. The reason you can't, what is the legal order that prohibits you from going forward? The absence of a building permit. How do you know you can't get that permit? What is the order that prevents you from getting it? Because the building inspector said verbally, if you get DPW approval, which doesn't really exist, I'll give you a building permit, otherwise I won't. In the normal case, suppose you were not entitled, you say that that process had nothing to do, was completely outside what should have applied at all, right? Yes. I would imagine in the normal course, you still have to get a building permit, right? Yes. What would you do in order normally to get a building permit, just from my understanding? You file the conditional approval, the permit application. At the end of that process, if you got through it all, you'd get an order from who, the planning board? No, we'd get a building permit. Who would issue it? The building inspector. What gives the authority of the building inspector to issue it? He has, oh, the bylaw, the zoning bylaw. It's okay you appeal that to the zoning board of appeals? You could, except the building commissioner was relying on... That would make your appeal good. No, it would actually take jurisdiction away from the zoning board of appeals. Why? When the building inspector acts outside his authority, his legal authority... Anytime he violates the law, you can't appeal it? That's the purpose of the appeal, to show that he acts outside the law. Instead, we brought him in day, Mr. Honor, against the building inspector. Okay, and what happened to that? Which did not succeed. So that's, I'm not following what the procedural due process problem is. Well, then we had to go back, we were right back with the DPW, trying to get the fictitious approval, and before, and we just got stiff-armed the whole way, and before you know it, the commonwealth withdrew the lease. So this is a substantive due process claim then? This is ultimately, you said you had procedural due process through the state court system, but was so outrageous and such bad faith that it's a substantive due process claim. I think that's true too. And I argue that. Yeah, okay. But I think it's procedural as well, Your Honor, because we end up, as a result of the mandamus, we end up back in the same place, getting conditions that we can't satisfy to get approval from DPW, and the approval doesn't exist. Now, to add on to the substantive due process, the background of all this is we ended up losing the contract, and the day after we lost the contract, and this is put in the complaint, and for the substantive due process, I would urge the court to read the entire Ultimately, the day after we lost the contract, MGM's property, MGM who built the casino, their property developer in, MGM's property developer bought an old theater in the Springfield Plaza, and they got the registry after the clock ran out on us, and they popped it right up. So, if you read the entire four corners, all the allegations in the complaint, I think the allegations, if proven, would add up to truly horrendous behavior by the city officials. Thank you. Thank you. Mr. Pakula. Good morning. May it please the court, Edward Pakula on behalf of the city of Springfield. I'd like to just start in reverse order. We heard the issue of MGM's developer. There was a company called Davenport that was chosen by the Commonwealth to build a registry at a different location. It had nothing to do with the city of Springfield. Could you start with what has something to do with the city of Springfield? If someone applies for a permit in the city of Springfield, and the building inspector simply sits on it and refuses to do anything until the cows come home, isn't there some procedure to go to some board or some tribunal to seek relief? Yes. You hit the nail on the head. Under General Law Chapter 48, Section 8, there's an appeal to the Zoning Board of Appeals. If you continue to be grieved under that... Is the appeal taken from? Appeal of the decision by the building inspector? Correct. And... Or no decision. Is there a time limit for the building inspector within which he has to act? I believe so, Your Honor. I believe it's 30 days, but it could be 60. And so if whatever that time limit runs, can you then deem it a denial and appeal it to the Zoning Board? Certainly. And if you're aggrieved by the ZBA, then under 48.17, you go to General Law. As a discussion evolves here, what we are talking about is a run-of-the-mill land use dispute that's going on at the local level and does not implicate any sort of constitutional issues. With regard, just going back to the Davenport developer, the comparator, if you will, that might have some relevance if there were some sort of equal protection case here that was not appealed. The only claims that were appealed was as to due process. There were two claims, procedural and substantive. The procedural one is dealt with under Chapter 48, under the site plan review. The procedure there is nothing fictitious. The zoning ordinance in Section 12.2 specifically mandates a DPW review. Excuse me a minute. The clock doesn't seem to be working. Oh, I'm sorry. I'm sorry. Go ahead. You've got some extra time. I probably won't need it, but if I may. The site plan review, the conditions imposed with regard to DPW sign-off, which the building commissioner, as it's been stated, was the grounds for not issuing a building permit, was a review mandated by the site plan review process. It was not some sort of fictitious review. It was actually right in there. We have involved a question of state law. The first action that was filed was a request for mandamus in the SJC. The SJC did not act. They sent it to superior court. Superior court reviewed it. Superior court dismissed the mandamus. The next action after that was filed was in land court. The land court matter was voluntarily dismissed by stipulation. So all the process that was due has been given and followed. At the outset, I think that if I were arguing this to a jury, you would see that seven months to build a building was looked upon maybe as an emergency by the Commonwealth, but it was a task that this developer just could not complete. There were legitimate reasons for the concerns expressed by the locality with regard to offsite traffic impacts. It was very busy. There's something in the record that caused me to ask the following question. As I understand it, the permit wasn't allowed because the lots weren't numbered? So that was another issue. In fact, the lots had been subdivided previously. That subdivision included the development on the same parcels of a self-service gas station with a drive-up window, Dunkin' Donuts, and there were special permits required for the self-service as well as the drive-up window. Those conditions required that a plan be filed, a subdivision plan called an ANR, approval not required type of plan, that would have delineated the lots. This development tried to go forward without meeting all of the conditions of those special permits with regard to the property and buildings that had been developed on this same large site. So that was another issue. I don't know if you answered my question. There was an official that was supposed to number the lots. And for whatever reason, as I read, he refused to number the lots. That was what was holding up? That's incorrect, Your Honor. It was a developer that was supposed to prepare a subdivision plan to have the lot lines redrawn and then approved by the city. That actually just happened a few months ago because I noticed in the record, Registry of Deeds, the property had been sold for about $3 million. And by the way, in addition to the process that I've already described, as you know, this case involved a common law claim that had been dismissed but without prejudice, and that claim is pending in superior court. So we're still not done with this. And it's yet to see whether that case will survive a motion to dismiss there. But the process is still going on. With regard to the substantive due process, You haven't answered my question. Let me ask it again. Sure. As I understand it, one of his claims is that the reason why he couldn't get the permitting was because some official, whose name starts with a C, I forget, refused to number the lots. And that that was an essential requirement before he could get any of the other permits. So what you are referring to is placing not a number of the lot, but a street number. So, for example, but it wasn't a parcel number. Excuse me, I thought you were talking about the A&R plan and lot numbers. But no, that had to do with a DPW official, and that was one of the comments, that was one of the approvals that was needed, was with regard to getting a street number for this new parcel that still hadn't been created as a condition of the prior special permit. So there was a series of things that had not been completed that led to the denial of the street permit. Again, not something that is a subject of a constitutional issue, of magnitude of a constitutional issue, but something that is the typical types of things that go on when you're looking at local development and trying to comply with permit requirements. With regard to the actual constitutional issues, they're just not there. This is nothing more than a run-of-the-mill case, which this court has recognized, as well as the Supreme Court and others, which just does not rise to the level of egregious behavior amounting to a constitutional violation by substantive due process. Thank you. Thank you.